[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14205
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00164-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENTON CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2020)

Before MARTIN, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Kenton Campbell appeals his 70-month sentence, imposed following his conviction pursuant to a guilty plea for possessing a firearm as a convicted felon. On appeal, Campbell argues that the district court plainly erred by determining that

his Florida conviction, under Fla. Stat. § 893.13, for possession of cocaine with intent to sell qualified as a "controlled substance offense" under the U.S. Sentencing Guidelines.  After careful review, we affirm.

Whether a prior conviction qualifies as a "controlled substance offense" for purposes of the Guidelines is a question of law, which we ordinarily review de novo. United States v. Lange, 862 F.3d 1290, 1293 (11th Cir. 2017).  However, we review for plain error a sentencing challenge raised for the first time on appeal.  Id.  To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  Campbell concedes in this appeal that he did not object to the district court's Guideline calculations, and thus, that plain error review applies.

For an error to be plain, it must be contrary to the applicable statute, rule, or on-point precedent.  See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  There is no plain error where the explicit language of a statute or rule does not specifically resolve an issue and there is no precedent from the Supreme Court or this Court directly resolving it.  Id.  A prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of

abrogation by the Supreme Court or by this Court sitting en banc.  United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

Here, we are bound by controlling precedent to hold that a conviction under Fla. Stat. § 893.13 qualifies as a "controlled substance offense" under the Sentencing Guidelines.  The Guidelines assign a base offense level of 22 for a defendant convicted of the unlawful possession of a firearm if the firearm is a semiautomatic firearm that is capable of accepting a large capacity magazine and if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."  U.S.S.G. § 2K2.1(a)(3).  Under the Guidelines, a "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. §§ 2K2.1, comment. (n.1), 4B1.2(b).

Fla. Stat. 893.13 provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."  Fla. Stat. 893.13(1)(a).  In United States v. Smith, we held that the definition of a controlled substance offense under the Guidelines did not require "that a predicate state offense include[] an element of mens rea with respect to the illicit nature of the

3

controlled substance," and that a violation of Fla. Stat. § 893.13 qualified as a controlled substance offense under the Guidelines.  775 F.3d 1262, 1268 (11th Cir. 2014).  We also held that a violation of Fla. Stat. § 893.13 qualified as a "serious drug offense" under the Armed Career Criminal Act ("ACCA").  Id.

We previously granted Campbell's unopposed motion to stay further appellate proceedings pending the Supreme Court's decision in Shular v. United States, 140 S. Ct. 779 (2020), which Campbell said, could have invalidated this Court's previous ruling in Smith that a violation of Fla. Stat. § 893.13 constitutes a "controlled substance offense" under the Guidelines.  The Supreme Court has now issued its decision in Shular, and unanimously affirmed our Court's holding that a violation of Fla. Stat. § 893.13 constituted a "serious drug offense" under the ACCA.  Shular, 140 S. Ct. at 782.  The Supreme Court reasoned that the ACCA did not require that the state offense match the elements of generic federal offenses; rather, a state offense need only involve the conduct specified in the federal statute -- namely, "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," in the case of the ACCA.  Id. (quotations omitted).  The defendant in Shular argued that his Florida drug conviction was not a serious drug offense because Florida law, unlike the generic offenses named in the ACCA, did not include a mens rea of knowledge that the substance was illicit.  Id.

4

Now that the Supreme Court has issued its decision in Shular, we are compelled to reject Campbell's argument in this appeal. Campbell has not shown that the district court erred, much less plainly erred, in calculating a base offense level of 22 based on his Florida conviction for possession with intent to sell cocaine. See U.S.S.G. § 2K2.1(a)(3). Our binding precedent in Smith, which ruled that a violation of Fla. Stat. § 893.13 is a controlled substance offense under the Guidelines, forecloses his argument that a violation of Fla. Stat. § 893.13 cannot be used to calculate his base offense level under § 2K2.1(a)(3) because it lacks a mens rea element. See Smith, 775 F.3d at 1268; Archer, 531 F.3d at 1352. Moreover, to the extent Campbell previously argued to us that the Supreme Court's ruling in Shular might overrule Smith's holding, the Supreme Court in Shular instead affirmed that a violation of Fla. Stat. § 893.13 qualified as a "serious drug offense" under ACCA, and its holding was consistent with our reasoning that a violation of Fla. Stat. § 893.13 qualified as a controlled substance offense under the Guidelines. See Shular, 140 S. Ct. at 782; Smith, 775 F.3d at 1268. Smith, therefore, remains controlling after the Supreme Court's ruling in Shular, and Campbell cannot show that the district court's calculation of the base offense level constituted plain error. See Lejarde-Rada, 319 F.3d at 1290.

**AFFIRMED**.